UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

SULLIVAN & ASSOCIATES, LLC                                                              PLAINTIFF

v.                                    No. 3:09CV00079 JLH

JEROMY DANIEL HOLLADAY                                                              DEFENDANT

## OPINION AND ORDER

This action arises from a copyright dispute between Sullivan & Associates and Jeromy Daniel Holladay over one or more houses that Holladay built in Brookland, Arkansas. Presently before the Court is a motion to set aside the clerk's entry of default against Holladay. Sullivan & Associates has responded, and the motion is ripe for adjudication. For the following reasons, the motion to set aside the entry of default is denied.

### I.

On June 1, 2009, Sullivan & Associates filed a complaint in this Court, alleging that Holladay violated the federal Copyright Act, 17 U.S.C. § 101 *et seq.*, by copying one of its registered house plans, building one or more houses based upon the plan, and marketing and selling the house or houses to consumers. (Compl. ¶¶ 12-19.) On June 8, 2009, Holladay signed for and received the notice of lawsuit, request for waiver of service of summons, and complaint. (Pl. Mot. for Default Ex. A.) Holladay did not waive service, and on September 2, 2009, he was served in accordance with Federal Rule of Civil Procedure 4(e)(2) by service upon his wife, Tracy Holladay, at the residence where she and Mr. Holladay lived. (Pl. Mot. for Default Exs. B–C.) On October 8, 2009, Sullivan & Associates filed a motion for default judgment against Holladay, indicating by affidavit that Holladay had failed to plead or otherwise defend against the complaint within twenty days of

being served. (Pl. Mot. for Default Ex. D.) On October 16, 2009, the clerk entered an order of default against Holladay in accordance with Rule 55(a) of the Federal Rules of Civil Procedure.

On October 16, 2009, the plaintiff served a copy of the clerk's default on Holladay via certified mail. (Entry of Default Proof of Service.) Holladay signed for and received the clerk's default on January 8, 2010. (*Id.*) Pursuant to the clerk's entry of default, on October 28, 2009, the Court scheduled a hearing for February 8, 2010, to determine damages. (Notice of Hr'g.) On October 28, 2009, the plaintiff served a copy of the notice of hearing on Holladay via certified mail, and Holladay signed for and received the notice on November 2, 2009. (Notice of Hr'g Proof of Service.) On February 2, 2010, five months after being served with process, Holladay filed an answer to the complaint and a motion to set aside the clerk's entry of default.[1]

## II.

Federal Rule of Civil Procedure 12(a) provides that a defendant shall serve his answer within twenty days after being served with the summons and complaint. FED. R. CIV. P. 12(a).[2] If the defendant fails to serve his answer within the allotted time, the plaintiff may seek a default judgment against the defendant. *See* FED. R. CIV. P. 55. Obtaining a default judgment is a two-step process: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). When default has been entered, the "defendant is deemed to have admitted all well pleaded allegations in the complaint." *Taylor v. City of Ballwin*, 859 F.2d 1330,

---

[1]Those filings were amended to include a certificate of service and refiled with the Court on February 4, 2010.

[2]Rule 12(a) has since been amended to give the defendant twenty-one days after being served with the summons and complaint to serve his answer.

1333 n.7 (8th Cir. 1988) (internal citations omitted). After default is entered, default judgment may be obtained by the clerk if the plaintiff's claim is for a sum certain or by the court in all other cases. FED. R. CIV. P. 55(b). When, as in this case, the plaintiff applies to the court for default judgment, the court may conduct hearings or make referrals in order to conduct an accounting, determine damages, establish the truth of any allegation, or investigate any other matter. FED. R. CIV. P. 55(b).

A clerk's entry of default under Rule 55(a) will not automatically be set aside. However, "[t]he court may set aside an entry of default for good cause." FED. R. CIV. P. 55(c). The defendant who seeks to set aside the entry of default bears the burden of establishing good cause. *Stephenson v. El-Batrawi*, 524 F.3d 907, 914 (8th Cir. 2008) (quoting *Fink v. Swisshelm*, 182 F.R.D. 630, 633 (D. Kan. 1998)). To determine whether good cause exists, a court must consider all of the relevant circumstances, focusing particularly on (1) whether the conduct of the defaulting party was blameworthy or culpable, (2) whether the defaulting party has a meritorious defense, and (3) whether the non-defaulting party would be prejudiced if the default were excused. *Stephenson*, 524 F.3d at 912 (quoting *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998)). The Eighth Circuit has rarely, if ever, excused "contumacious or intentional delay or disregard for deadlines and procedural rules," but has often granted relief for "marginal failures where there were meritorious defenses and an absence of prejudice." *Johnson*, 140 F.3d at 784.

**A.     Blameworthy or Culpable Conduct**

This Court's analysis of whether to set aside the default begins with consideration of Holladay's culpability for the failure to make a timely response to the complaint. *See Mackie v. U.S. Mfg., Inc.*, 219 F.R.D. 639, 641 (N.D. Iowa 2004) (beginning the analysis by considering culpability). Here, Sullivan & Associates contends that Holladay's conduct was culpable because

"as many as three times he consciously disregarded the deadlines found in the documents with which he was served." (Pl. Br. at 7.)  Holladay does not deny receiving the summons, complaint, or any of the other documents that were delivered to him. (Def. Aff. at 1.)  In fact, Holladay acknowledges receiving the complaint and discussing it with his attorney, but he claims that at the time he believed the case would settle and that he did not realize he had to file an answer with the Court to avoid default.  (*Id.*)  Holladay alleges that it was not until he received the clerk's entry of default on January 8, 2010, that he realized he needed to file an answer to the complaint in order to "have [his] day in court." (*Id.*)

However, when served with process, Holladay was warned that failure to answer within the allotted time would result in a default judgment being entered against him. (Pl. Mot. for Default Exs. B & C.)  On November 2, 2009, Holladay received a notice of hearing, informing him that default had been entered against him.  (Notice of Hr'g Proof of Service.)  Even after Holladay received a copy of the entry of default, he did not respond with a motion to set aside the default for over three weeks.  (Entry of Default Proof of Service.)  Eighth Circuit cases distinguish between "contumacious or intentional delay or disregard for deadlines and procedural rules, and a marginal failure to meet pleading or other deadlines. [The court has] rarely, if ever, excused the former." *Johnson*, 140 F.3d at 784 (internal quotation omitted).  Holladay's delay in filing an answer, in spite of being given multiple warnings of the consequences of such a delay, constitutes more than a "marginal failure" to meet the pleading requirements.

**B.     Meritorious Defense**

Even if Holladay's failure to respond to the complaint was marginal, Holladay's untimely answer fails to present a meritorious defense against copyright infringement.  A meritorious defense

4

is one that would permit a finding for the defaulting party. *Johnson*, 140 F.3d at 785. Courts must consider "whether there is some possibility that the outcome . . . after a full trial will be contrary to the result achieved by the default." *Stephenson*, 524 F.3d at 914 (quoting *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988)). For a defense to be meritorious, the trial court must have before it more than mere allegations that a defense exists; the defaulting party must show cause why the entry of default should be set aside. *Stephenson*, 524 F.3d at 914 (quoting *Fink*, 182 F.R.D. at 633).

According to the federal Copyright Act, "[a]nyone who violates any of the exclusive rights of the copyright owner . . . is an infringer of the copyright," and the "legal or beneficial owner of an exclusive right under a copyright is entitled . . . to institute an action for any infringement . . . committed while he or she is the owner of it." 17 U.S.C. § 501(a)-(b) (2006). To establish infringement, a plaintiff must provide evidence of: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Servs., Inc.*, 499 U.S. 340, 361, 111 S. Ct. 1282, 1296, 113 L. Ed. 2d 358 (1991). Here, the complaint alleges that Holladay violated the plaintiff's exclusive rights to reproduce a copyrighted house plan, prepare derivative works based upon that plan, and sell the plan to the public. 17 U.S.C. § 106(1)-(2). Holladay could rebut the plaintiff's evidence of infringement by showing that his design was created independently and not based upon the copyrighted plan. 18 AM. JUR. 2D *Copyright and Literary Property* § 236 (2009). Or, if he admittedly copied or used part of the plaintiff's house plan, Holladay could escape liability by establishing that such use was fair use or that Sullivan & Associates was barred from bringing the complaint by the statute of limitations or the doctrines of laches or estoppel. *Id.*

However, Holladay does not contend that his design was created independently. Nor does he raise a laches, estoppel, or statute of limitations defense in his answer. Rather, Holladay contends that he "obtained the plans from his architect and did not know he was violating anyone's copyright or in    any way using information he was not supposed to be using if indeed he did." (Def. Br. at 1.) Holladay explains,[3] "I believe I have a defense to this action because I got the plans from an architect whom I had worked with several times . . . . I thought he had drawn up the plans and that they were his." However, "the fact that a copyright infringement is subconscious or innocent does not affect liability." 18 C.J.S. *Copyrights* § 67 (2009). It simply goes to the issue of damages. *See* 17 U.S.C. § 504. Even if Holladay did not intentionally or knowingly infringe upon Sullivan & Associates' exclusive rights to the copyrighted house plan, he is still liable to Sullivan & Associates for the infringement. *Cass County Music Co. v. C.H.L.R., Inc.*, 88 F.3d 635, 637 (8th Cir. 1996) ("The state of mind of the infringer is relevant, if at all, only to the award of damages. . . . If proved, innocence or willfulness may have a bearing on the amount of statutory damages awarded but cannot affect liability.")

## C.     Prejudice

The defendant also bears the burden of proving that the plaintiff would not be prejudiced if the motion to set aside the default entry were granted. *Stephenson*, 524 F.3d at 914 (quoting *Fink*, 182 F.R.D. at 633); *Super 8 Motels, Inc. v. Deer Lodge Super 8, Inc.*, No. CIV 06-1041, 2007 WL 4246454, at *5 (D.S.D. Nov. 29, 2007). "Entry of default raises no protectable expectation that a default judgment will follow . . . ." *Johnson*, 140 F.3d at 785. Furthermore, "delay alone, or the fact

---

[3]The Court notes that, while Holladay's affidavit was attached to the original brief in support of the motion to set aside the entry of default, it is not attached to the amended motion. Even with the evidence presented in the affidavit, Holladay fails to state a meritorious defense.

the defaulting party would be permitted to defend on the merits, are insufficient grounds to establish the requisite prejudice to the plaintiff." *Stephenson*, 524 F.3d at 915 (citing *Johnson*, 140 F.3d at 785). "Setting aside a default must prejudice plaintiff in a more concrete way, such as 'loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion.' " *Id.* (quoting *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990) (per curiam)).

Holladay alleges that Sullivan & Associates would not be prejudiced because "whatever harm is done is done and no more harm will be done." (Pl. Br. at 4.) To support that allegation, Holladay states that the houses at issue were constructed and sold prior to the complaint being filed. (Pl. Aff. at 1.) In his brief, however, Holladay contends that the houses "have languished on the market and have not sold." (Pl. Br. at 1.) In light of these contradictory allegations, Holladay's argument that "no more harm will be done" is unreliable and fails to prove that Sullivan & Associates would not be prejudiced by setting aside the entry of default.

## CONCLUSION

Holladay has failed to provide evidence that his failure to meet the pleading requirements is marginal, that he has a meritorious defense to the copyright claims filed against him, or that the plaintiff would not be prejudiced by setting aside the clerk's entry of default. Even if Holladay could establish a marginal failure to meet the pleading requirements and an absence of prejudice as defined by the Eighth Circuit, default should not be set aside because Holladay lacks a meritorious defense to the plaintiff's copyright infringement claims. *See Johnson*, 140 F.3d at 784 (finding that defendants are entitled to relief for "marginal failures where there were meritorious defenses and an absence of prejudice").

For these reasons, Holladay's motion to set aside the entry of default is DENIED.  Document #15.

IT IS SO ORDERED this 16th day of February, 2010.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE